FILED OCT 21 2016

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REPUBLICAN PARTY OF PENNSYLVANIA, MONICA MORRILL, RALPH E. WIKE III, HELEN BANUSHI, RONALD J. FERRANCE, JR., JOSEPH J. O'HARA, DONNA DONAT, JAMES CAFFREY, AND GAYLE MICHAEL, Plaintiffs | : : : : : : : : : | CIVIL ACTION NO. 16 5524 |
| v. | : : | |
| PEDRO A. CORTES, in his capacity as Secretary of the Commonwealth of Pennsylvania | : : : : | |
| Defendant | : | |

## VERIFIED COMPLAINT

1.      This action, by voters of the Commonwealth of Pennsylvania and the Republican Party of Pennsylvania, seeks a declaratory judgment that the Election Code illegally and arbitrarily restricts poll watchers from serving only in the county of their residence, in contravention of the United States and Pennsylvania Constitutions.

## JURISDICTION AND VENUE

2.      This is an action of declaratory judgment to determine a question in actual controversy between the parties under the provisions of 28 U.S.C. § 2201.

3.      The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1367.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

5.      Plaintiff, the Republican Party of Pennsylvania brings this action in its own capacity and, as a major political party, 25 P.S. §2831(a) and the State committee for the



Republican Party in Pennsylvania, 25 P.S. §2834, with 350 members and over 200 candidates running for elected office in this year's General election, on behalf of all of its members and candidates.

6. Plaintiff, Monica Morrill, is a duly qualified registered elector residing in Somerset County. *A true and correct copy of the voter registrations are attached hereto collectively as Exhibit A and incorporated by reference hereat.*

7. Plaintiff Ralph E. Wike III, is a duly qualified registered elector residing in Delaware County.

8. Plaintiff Helen Banushi, is a duly qualified registered elector residing in Philadelphia County.

9. Plaintiff Ronald J. Ferrance Jr., is a duly qualified registered elector residing in Luzerne County.

10. Plaintiff Joseph J. O'Hara is a duly qualified registered elector residing in Luzerne County.

11. Plaintiff Donna Donat, is a duly qualified registered elector residing in Philadelphia County.

12. Plaintiff James Caffrey, is a duly qualified registered elector residing in Montgomery County.

13. Plaintiff Gayle Michael, is a duly qualified registered elector residing in Montgomery County.

14. Defendant, Pedro A. Cortes is the current Secretary of the Commonwealth of Pennsylvania. This action is brought against him in his official capacity.

2

15.     The Secretary of the Commonwealth is Pennsylvania's Chief Election Officer and is responsible for overseeing elections in Pennsylvania. *See* 25 P.S.§§ 2621, 2865.

## STATUTORY AND CONSTITUTIONAL BACKGROUND

16.     The United States Constitution provides for the people's right to vote, and prohibits the denial or abridgement of such right. *See: U.S. Const. amend. XV, IX, XIV, XVI.*

17.     The Pennsylvania Constitution also bestows the right to vote upon qualified citizens. *Pa. Const. art. VII, §1.*

18.     Open elections are crucial to democracy – a government of the people, by the people, and for the people.

19.     Citizens have a fundamental right to a fair and honest election process.

20.     Elections in Pennsylvania are entirely governed and regulated by statute. *See: 25 P.S. §2600, et. seq. ("Election Law").*

21.     To ensure the integrity of elections in Pennsylvania, the Election Law provides for the appointment by each candidate, political party, and political body, of poll watchers to serve in each election district in the Commonwealth. *25 P.S. §2687.*

22.     Poll watchers fulfill a critical function in Pennsylvania elections.

23.     The ability of candidates, political parties, and political bodies to appoint poll watchers, and the poll watchers' duties have been a part of the Pennsylvania Election law since 1937. *See: 25 P.S. §2687 credits.*

24.     The most recent amendment to *25 P.S. §2687* was an expansion of a poll watcher's geographic territory from a single polling place to an entire county.

25.     Poll watchers are allowed to observe the conduct of the election in the polling place throughout the entire day and make strike off lists of voters, but must not interfere in any way with the election process.

26.     Watchers may observe the election process from the time the first polling place official appears in the morning to open the polling place, through and including the time the polls are closed and the election returns are counted and posted at the polling place entrance. 25 P.S. § 2687(b)

27.     From the time that the election officers meet to open the polls and until the counting of the votes is complete, a watcher representing each political party and its candidates at a general, municipal or special election shall be present in the polling place outside the enclosed space. 25 P.S. § 2687(b)

28.     After the close of the polls and while the ballots are being counted, all the watchers for candidates and political parties or bodies shall be permitted to be in the polling place outside the enclosed space. 25 P.S. § 2687(b)

29.     Watchers shall be permitted to be present when the envelopes containing official absentee ballots are opened and when such ballots are counted and recorded. 25 P.S. § 3146.8(b)

30.     Any watcher shall have the opportunity to challenge any absentee elector upon the ground or grounds (1) that the absentee elector is not a qualified elector; or (2) that the absentee elector was within the municipality of his residence on the day of the primary or election during the period the polls were open, except where he was in military service or except in the case where his ballot was obtained for the reason that he was unable to appear personally at the polling place because of illness or physical disability; or (3) that the absentee elector was able to appear personally at the polling place on the day of the primary or election during the period the polls were open in the case his ballot was obtained for the reason that he was unable to appear personally at the polling place because of illness or physical disability. 25 P.S. § 3146.8(e)

31.     Watchers shall be permitted to keep a list of voters. 25 P.S. § 2687(b)

4

32.     During times when voters are not present or voting, watchers can ask the Judge of Elections to inspect the voting check list and either of the two numbered lists of voters, but cannot mark or alter those lists. 25 P.S. § 2687(b)

33.     Any person who presents himself or herself to vote may be challenged by a watcher as to his or her identity, his or her continued residence in the election district, or as to any alleged violation of 25 P.S. § 3050(d). 25 P.S. § 3050(d)

34.     25 P.S. § 2687 of the Pennsylvania Election Code controls the residency requirement for poll watchers.

35.     Specifically, § 2687(b) provides that "[e]ach watcher so appointed must be a qualified registered elector of the county in which the election district for which the watcher was appointed is located."

36.     In Pennsylvania, all Congressional electoral districts exist in multiple counties.

37.     Similarly, many districts for members of the Pennsylvania General Assembly exist in multiple counties. See, e.g., Pennsylvania House of Representatives Districts: 6, 8, 10, 13, 14, 15, 16, 17, 26, 33, 39, 40, 46, 49, 50, 51, 52, 54, 55, 59, 60, 63, 64, 65, 66, 67, 68, 69, 71, 73, 75, 76, 78, 81, 82, 84, 85, 86, 92, 98, 104, 107, 108, 110, 111, 117, 118, 124, 125, 128, 129, 131, 134, 139, 152, 157, 160, 166, 171, 172, 183, 185, 187, 189, 191, 193, and 194; and, Pennsylvania Senate Districts: 4, 7, 8, 9, 12, 14, 15, 17, 18, 20, 21, 22, 23, 24, 25, 26, 27, 29, 30, 31, 32, 33, 34, 35, 37, 40, 41, 44, 45, 46, 47, 48, and 50.

38.     As a result, and by way of example, a voter in the 172nd District of the Pennsylvania House of Representatives living in Philadelphia County has a direct interest in the conduct of elections in Montgomery County, as voting in Montgomery County affects in a real

5

and meaningful way the votes cast in Philadelphia County for a candidate in the electoral contest for the 172nd District.

39.     However, should that hypothetical Philadelphia County voter wish to be a poll watcher in the 172nd District, the Election Code bars that voter from participating in the electoral process in every part of that district merely by the happenstance of the voter's county of residency.

40.     Another example is the 78th District of the Pennsylvania House of Representatives which is located partially in Franklin and Bedford Counties, and all of Fulton County.

41.     Should a Franklin County voter wish to be a poll watcher in the 78th District, the Election Code bars that voter from participating in the electoral process in every part of that district merely by the happenstance of the voter's county of residence. The same applies to a voter in that District in Fulton or Bedford County as well.

42.     Once statutorily credentialed as a poll watcher (or an individual who would serve as a poll watcher, but for the residency requirement), that poll watcher engages in core political speech protected by the First and Fourteenth Amendments.

43.     Specifically, a statutorily credentialed poll watcher (or an individual who would serve as a poll watcher but for the residency requirement), engages in protected speech by, *inter alia*, reporting incidents of potential violations of the Election Code (or other regulations or criminal statutes) during the conduct of an election.

44.     This speech is especially critical to protect when, as here, a voter may cast a vote for a candidate, but be unable to monitor (as a poll watcher) the election for that candidate because the polling place at which the voter wishes to monitor is in the same *electoral district* – but not the *county* – as the voter/poll watcher.

6

45. The Commonwealth has no compelling interest in limiting political speech in this fashion.

46. The Commonwealth's arbitrary exclusion of voters/poll watchers from serving as such in their own legislative district (albeit, across the political line of a county) has real, demonstrable impacts on all Plaintiffs to this action.

47. For example, Plaintiff the Republican Party of Pennsylvania has an interest in having its poll watchers monitor the polls within Philadelphia County to ensure the integrity of the vote on behalf of its numerous federal and state electoral candidates (both statewide candidates and those running in districts that include Philadelphia County).

48. The Republican Party of Pennsylvania has a corresponding interest in protecting the integrity of the vote on behalf of its registered electors, both those within Philadelphia County and those throughout the Commonwealth, who are voting for federal and statewide Republican candidates.

49. According to statistics collected and disseminated by the Commonwealth Department of State, in some Pennsylvania counties, the number of voters registered as Democrats versus the number of registered Republicans is significantly disparate. *See: www.dos.pa.gov/VotingElections/OtherServicesEvents/VotingElectionStatistics; http://www.philadelphiavotes.com/files/department-reports/Historical_Registration_1940-2016.pdf*

50. For example, in Philadelphia County, there exist 66 voting wards which are divided into 1,686 divisions (the "Philadelphia Divisions"). *See: http://www.philadelphiavotes.com/en/resources-a-data/political-maps*

7

51.    Republicans are not a majority of registered voters in any ward in Philadelphia County. *See: www.philadelphiavotes.com*

52.    In some contiguous geographic areas of the Commonwealth, such as in Fulton, Franklin, Bedford, Huntingdon and Perry counties, of the two main political parties, Republicans account for almost 70% of the voters, thereby placing Democrats at a disadvantage in staffing polling places with Democratic poll watchers. *See: www.dos.pa.gov/VotingElections/ OtherServicesEvents/VotingElectionStatistics*

53.    As a result of the Commonwealth's arbitrary restriction on poll watchers, candidates, political parties and political bodies are unjustifiably burdened in their attempts to locate available, qualified registered electors who can serve as poll watchers.

54.    As a further result of the Commonwealth's arbitrary restriction on poll watchers, political bodies are even more disadvantaged than the two major political parties.

55.    The Commonwealth's restriction on poll watchers has no rational basis.

56.    Poll watchers serve the important purpose of assuring voters, candidates, political parties, and political bodies, who may question the fairness of the election process, that the same is conducted in compliance with the law, and is done in a correct manner which protects the integrity and validity of the vote.

57.    The Pennsylvania State Legislature has recognized the inequity and arbitrariness of the current Election Law as it pertains to restrictions on poll watchers, and as a result, House Bill 29 is pending in the Pennsylvania House of Representatives to allow registered voters throughout the state to serve as poll watchers in each of the Commonwealth's election districts. *See House bill 29 attached as Exhibit "B" hereto.*

8

58.     Specifically, the House Co-Sponsorship Memorandum notes that it is "arbitrary to limit the ability of a registered voter to serve as watcher outside of his or her county of residence. Many of the Commonwealth's elections have statewide and federal implications, which mean Pennsylvania's registered voters, regardless of location, have a vested interest in ensuring that the electoral process is properly administered in every election district." *See Memorandum attached as Exhibit "C" hereto.*

59. House Bill 29 passed the State Government Committee unopposed, with a unanimous bipartisan vote. *PA House Committee Roll Call Votes, State Government Committee, June 14, 2016, http://www.legis.state.pa.us/cfdocs/legis/RCC/PUBLIC/listVotes.cfm?chamber = H&SPick=20150&theDate=06/14/2016&cteeCde=36*

### COUNT I – VIOLATION OF THE UNITED STATES CONSTITUTION

60.     All of the foregoing paragraphs are incorporated by reference as if each was fully set forth herein.

### *Due Process and Equal Protection*
### *[Voting As A Fundamental Right]*

61.     Voting is a fundamental right protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.

62.     The Equal Protection Clause prevents the government from treating people differently without sufficient justification.

63.     The requirement of equal treatment is particularly stringently enforced as to laws that affect the exercise of fundamental rights, including the right to vote. *See: Dunn v. Blumstein, 405 U.S. 330 (1972); Harper v. Virginia Board of Elections, 383 U.S. 663 (1966).*

64.     The Pennsylvania poll watcher statute arbitrarily and unreasonably distinguishes between voters within the same electoral district by allowing some, but not others, to serve as poll watchers.

9

65.     For these reasons, the Pennsylvania statute is unconstitutional.

### Due Process and Equal Protection
### [Integrity of the Vote]

66.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution guarantees the voting populace the right to effectively cast a vote.

67.     Therefore, the Equal Protection Clause's coverage extends to the manner of the exercise of the vote, and may not value one person's vote more than another's by allowing a vote to be diluted.

68.     On its face and as applied, 25 P.S. § 2687(b)'s residency requirement denies Pennsylvanians the right to effectively cast a vote.

69.     Under 25 P.S. § 2687(b), a Pennsylvania voter living in an electoral district straddling two or more county lines is unable to serve as a poll watcher in the entirety of her own electoral district.

70.     This voter therefore is prevented from insuring the integrity of the electoral process, and thus the efficacy of her own vote, if she wishes to monitor a polling station in her own electoral district that happens to be across a county line.

71.     Likewise, the Republican Party of Pennsylvania, and all of its candidates and registered electors, have a right to have their elections and votes for federal and statewide offices be conducted effectively and meaningfully, such that no vote is diluted or tainted.

72.     Poll watchers serve the vital function in elections of ensuring that all votes cast everywhere are legitimate, and do not serve to negate or undermine voter choices made throughout the Commonwealth.

73.     In a county such as Philadelphia, 25 P.S. § 2687(b) acts to arbitrarily and unfairly handicap one political party by perpetuating a chronic inability of one political party to fully and

fairly staff polling places with poll watchers, while the other political party is able to fully staff polling places within the county.

74.     In the absence of § 2687(b), the Republican Party of Pennsylvania, and all of its registered electors and candidates, would not be artificially and unlawfully hampered from staffing every county polling station with credentialed poll watchers.

75.     The Commonwealth has no compelling interest in arbitrarily restricting the right of any of its citizens from casting a vote, either a vote cast for a candidate whose district covers two counties, or one cast for a national or statewide candidate.

76.     The Commonwealth has no compelling interest in arbitrarily limiting the right of Pennsylvania voters to meaningfully and effectively cast a vote.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and request this Court: 1) enter an order declaring and adjudging that 25 P.S. § 2687(b) is unconstitutional; and 2) enter a preliminary and permanent injunction enjoining the Commonwealth from enforcing 25 P.S. § 2687(b)'s residency requirement for poll watchers.

### COUNT II – VIOLATION OF THE UNITED STATES CONSTITUTION

77.     All of the foregoing paragraphs are incorporated by reference as if each was fully set forth herein.

### *Protected Political Speech and Free Association*

78.     Poll watching constitutes core political speech protected by the First and Fourteenth Amendments to the United States Constitution.

79.     Poll watching constitutes free association with candidates, political parties, and political bodies.

80.     The Commonwealth's arbitrary residency requirement for permitting otherwise credentialed poll watchers to participate in the electoral process totally restricts this form of

11

political speech and free association for both poll watchers and the political parties they represent.

81.    The Commonwealth has no compelling interest in restricting political speech or free association with § 2687(b)'s residency requirement.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and request this Court: 1) enter an order declaring and adjudging that 25 P.S. § 2687(b) is unconstitutional; and 2) enter a preliminary and permanent injunction enjoining the Commonwealth from enforcing 25 P.S. § 2687(b)'s residency requirement for poll watchers.

### COUNT III– VIOLATION OF THE PENNSYLVANIA CONSTITUTION

82.    All of the foregoing paragraphs are incorporated by reference as if each was fully set forth herein.

83.    Article I, Sec. 7 of the Pennsylvania Constitution guarantees at least the same level of substantive free speech protection as the First Amendment of the United States Constitution.

84.    Article I, Sec. 5 and 26 of the Pennsylvania Constitution guarantee equal protection under the law, and free and equal elections.

85.    Accordingly, and for the same reasons that 25 P.S. § 2687(b) violates the United States Constitution, § 2687(b)'s residency requirement violates the Pennsylvania Constitution as well.

WHEREFORE, Plaintiffs respectfully request judgment in their favor and request this Court: 1) enter an order declaring and adjudging that 25 P.S. § 2687(b) is unconstitutional; and 2) enter a preliminary and permanent injunction enjoining the Commonwealth from enforcing 25 P.S. § 2687(b)'s residency requirement for poll watchers.

/s/ Scot R. Withers
LAMB MCERLANE PC
Scot R. Withers
24 E. Market St. PO Box 565
West Chester, PA 19381
Phone: 610-430-8000
Fax: 610-696-6668
Attorney ID 84309

OBERMAYER REBMANN MAXWELL &
HIPPEL, LLP
Rebecca L. Warren
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Phone: 717-221-1602
Fax: 267-675-4781
Attorney ID 63669

THE BANKS LAW GROUP
Matthew B. Banks
845 North Park Road, Suite 102
Wyomissing, PA 19610
Phone: 610-816-6414
Attorney ID 312355

*Attorneys for all Plaintiffs*

***OF COUNSEL, REPUBLICAN PARTY OF
PENNSYLVANIA:***
OBERMAYER REBMANN MAXWELL &
HÍPPEL, LLP
Lawrence J. Tabas
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Phone: 215-665-3158
Fax: 267-675-4781
Attorney ID 27815
*Attorney for Plaintiff Republican Party of
Pennsylvania*

13