IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REPUBLICAN PARTY OF PENNSYLVANIA, et al.,<br><br>   *Plaintiffs,*<br><br> v.<br><br>PEDRO A. CORTÉS, in his capacity as Secretary of the Commonwealth of Pennsylvania,<br><br>   *Defendant.* | CIVIL ACTION<br>NO. 16-05524 |

**PAPPERT, J.**                           January 27, 2017

## MEMORANDUM

    Federal Rule of Civil Procedure 41(a)(2) allows for voluntary dismissal of a complaint "only by court order, on terms that the court considers proper." While motions under Rule 41(a)(2) are left to the discretion of the district court, complaints should be dismissed without prejudice unless dismissal would cause plain legal prejudice to the defendant, beyond the mere threat of a second lawsuit. *Dentsply Intern. Inc. v. Bio-Pure Products Inc.*, No. 14-0848, 2015 WL 4902820 (M.D. Pa. Aug. 17, 2015); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 (3d ed. 2016).

    Courts should take a liberal approach in deciding whether to grant a Rule 41(a)(2) motion to dismiss without prejudice. *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990). Courts in this Circuit consider (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; and (4) the plaintiff's diligence in bringing the motion to dismiss. *Citizens Sav. Ass'n v. Fanciscus*, 120 F.R.D. 22, 25 (M.D. Pa. 1988).

"Voluntary motions to dismiss are generally found prejudicial where a plaintiff seeks to start its litigation anew in the advanced stages of a lawsuit, after discovery has closed and the parties have filed dispositive motions or prepared for trial." *Yazzie v. GlaxoSmithKline LLC*, No. 12-1006, 2013 WL 3993455, at *2 (E.D. Pa. Aug. 5, 2013).

The risk of excessive and duplicative expense from subsequent litigation is not substantial here. The parties have not conducted discovery in this case and the only motion decided was the Plaintiffs' motion for a temporary restraining order and preliminary injunction. *See* (ECF No. 2). Similarly, the effort and expense incurred by the Commonwealth in preparing for trial is relatively minimal. While the Court appreciates the Commonwealth's effort and expense in defending the case to this point, the case is still in its early stages. For the same reason the third factor—the extent to which the suit has progressed—favors dismissal without prejudice. Finally, the Plaintiffs were diligent in bringing this motion to dismiss. The Court entered its Order denying the Plaintiffs' motion for a temporary restraining order and preliminary injunction on November 3, 2016. (ECF No. 22.) The Plaintiffs moved to dismiss on November 18, 2016. (ECF No. 25.) Because the factors noted above do not suggest a plain legal prejudice to the Commonwealth, the Plaintiffs' motion is granted.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J.